# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0130V

| | |
|---|---|
| SANDRA ESKENAZI,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 10, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On January 6, 2021, Sandra Eskenazi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleged that the influenza ("flu") vaccine she received on October 10, 2020, resulted in a left-sided shoulder injury related to vaccine administration ("SIRVA"), a Table injury. Amended Petition at 1.

The claim was dismissed, and Petitioner's fees request has been challenged on reasonable basis grounds. For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and she is otherwise entitled to a fees award.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner filed an amended petition on June 29, 2022. ECF No. 19.

I.      **Procedural History**

Along with the Petition, which sets forth only the basic elements of his claim (and was file *prior* to the expiration of the six-month period post-vaccination), Ms. Eskenazi filed a signed declaration[4] from Petitioner's counsel (labeled Exhibit 2) acknowledging the fact that the Petition had been filed without medical records, "[d]ue to the potential Table amendment proposed by [R]espondent[5] which would divest victims of shoulder injuries related to vaccine administration (SIRVA) the benefit of a 'Table' claim." Exhibit 1 at ¶ 1.

After Petitioner filed the required medical records, I determined that she had failed to provide sufficient evidence to support her claim with respect to the six-month severity requirement, but allowed her the opportunity to correct the noted deficiency (or to otherwise show cause why her claim should not be dismissed). ECF No. 35; *see* Section 11(c)(1)(D)(i) (severity requirement). In response, Petitioner filed a motion requesting a decision dismissing his case. ECF No. 36. Petitioner's motion was granted, and her case was dismissed on August 23, 2023. ECF No. 37. Judgment entered on Sept. 27, 2023. ECF No. 38.

On March 1, 2024, Petitioner filed a request for an award of $12,946.55 in attorney's fees and costs. Petitioner's Application for Attorneys' Fees and Costs at 2 (ECF No. 41). Petitioner did not address the requirements of good faith and reasonable basis, and provided no additional information regarding the merits of his case and reason for the requested dismissal. *Id.*

Respondent reacted to the same day, providing his usual response - that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 42. Response did not address good faith and reasonable – additional requirements which must be met before a fees award is made in non-compensated vaccine cases. *See* Section 15(e)(1).

---

[4] The declaration was signed under penalty of perjury as required by 28 U.S.C.A. § 1746.

[5] On July 20, 2020, the Secretary of Health and Human Services proposed the removal of SIRVA from the Vaccine Injury Table. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Proposed Rule, 85 Fed. Reg. 43794 (July 20, 2020). The proposed rule was finalized six months later. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 86 Fed. Reg. 6249 (Jan. 21, 2021). Approximately one month later, the effective date for the final rule was delayed. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 86 Fed. Reg. 10835 (Feb. 23, 2021) (delaying the effective date of the final rule until April 23, 2021). On April 22, 2021, the final rule removing SIRVA from the Vaccine Table was rescinded. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Withdrawal of Final Rule, 86 Fed. Reg. 21209 (Apr. 22, 2021).

**II.    Reasonable Basis**

    **A.    Legal Standard**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[6] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective

---

[6] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

3

considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### B.     Existence of Reasonable Basis in this Case

I previously determined that Petitioner failed to provide preponderant evidence to establish that she suffered the residual effects of her alleged SIRVA for more than six months, and allowed her the opportunity to rectify this omission. Although Petitioner choose to dismiss her claim instead, her inability to produce the evidence needed to satisfy the greater standard required to prevail on entitlement did not mean that the claim

4

lacked *any* objective basis (or that this element could not have been bulwarked with some effort).

Here, Petitioner was able to establish that she received the flu vaccine on October 10, 2020, and suffered symptoms which *could* be attributed to the vaccine through at least March 10, 2021, five months post-vaccination. At this last appointment, her orthopedist assessed Petitioner as having "some residual discomfort in her shoulder." Exhibit 9 at 12. Noting that she was not taking any medication for her pain nor "exercising much on her own" (*id*), the orthopedist ordered Petitioner to resume taking an anti-inflammatory and prescribed Mobic (meloxicam) (*id.* at 13). He added that he would consider treating Petitioner with an injection if her symptoms continued. *Id.*

Petitioner's pharmacy record, moreover, indicates she filled the 30-day prescription of meloxicam on March 12, 2021. Exhibit 11 at 3; Exhibit 9 at 47. It also shows that Petitioner re-filled the 30-day prescription on April 9, 2021, just one day shy of six months post-vaccination. Exhibit 11 at 3; Exhibit 9 at 47.

Although Petitioner's symptoms had unquestionably abated significantly by January 2021, the documented pain and discomfort she suffered was still sufficient to establish severity through at least early March 2021.[7] And the fact that Petitioner sought a re-fill of her pain medication on April 9, 2021, provides at least *some* evidence that she was experiencing discomfort at that time, and *may* have had symptoms through April 10th.

However, the evidence also shows that Petitioner took meloxicam for a "new complaint" of "left elbow pain" on April 28, 2021. Exhibit 9 at 10-11. Still, this fact does not lessen the probative value of Petitioner's act of obtaining more meloxicam in early April given that the onset of this elbow pain did not occur until several weeks later. *Id.* at 11 (noting Petitioner's elbow pain "began suddenly last week" – equating to an April 21, 2021 or later onset date).

Although not sufficient for entitlement, I find the minimal evidence Petitioner provided prior to dismissal constitutes the level of proof required to establish reasonable basis – a standard far lower than the preponderance of evidence standard needed to meet the Vaccine Act's requirements for compensation. I thus find that Petitioner had a

---

[7] I have consistently determined that even mild and intermittent shoulder pain was still sufficient to establish the required six-month severity. *See,* e.g. *Miller v. Sec'y of Health & Hum. Servs.,* No. 20-1937V, 2024 WL 3566706, at *3-6 (Fed. Cl. Spec. Mstr. June 28, 2024); *Ahlstrom v. Sec'y of Health & Hum. Servs.,* No. 21-0596V, 2024 WL 3026057, at *4-5 (Fed. Cl. Spec. Mstr. May 15, 2024); *Sullivan v. Sec'y of Health & Hum. Servs.,* No. 21-2341V, 2024 WL 2290012, at *6-7 (Fed. Cl. Spec. Mstr. Apr. 16, 2024); *Kilgore v. Sec'y of Health & Hum. Servs.,* No. 21-1390V, 2023 WL 7130175, at *4-6 (Fed. Cl. Spec. Mstr. Sept. 29, 2023).

5

reasonable basis to file her petition in this case, which continued until I dismissed her claim. (While pursuit of the claim *thereafter* might have run afoul of reasonable basis concerns, it had not yet). And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II.     Appropriate Amount to be Awarded

### A.     Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.     Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously approved for all attorneys and paralegals performing this work. Motion at 5-7. She provided supporting documentation for all claimed costs. *Id.* at 8-16. And Respondent offered no specific objection to the rates or amounts sought. Response at 3, 3 n.2.

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award

6

a total of **$12,946.55 (representing $12,228.70 in fees and $717.85 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.